# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17CV180 HEA |
| | ) | |
| SERGEANT JUSTIN WOUTEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon pro se plaintiff Jonathan Wright's motion for leave to proceed in forma pauperis.[1] The Court has reviewed the financial information plaintiff submitted in support,[2] and will grant the motion and assess an initial partial filing fee of $9.25. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] Plaintiff is currently incarcerated in Cape Girardeau County Jail.
[2] The Court takes judicial notice of the certified account statement submitted in plaintiff's companion case. *See Wright v. Drury*, No. 1:17-CV-120 RLW (E.D.Mo).

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement showing an average monthly balance of $46.28. The Court will therefore assess an initial partial filing fee of $9.25, twenty percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint *filed in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for actions purportedly occurring during his incarceration at Scott County Jail in Benton, Missouri. Named as defendants are Sheriff Wes Drury, Sergeant Justin Wouten, Captain Ryan Dennis, Lieutenant Unknown Pratt and Sergeant Unknown Scoggins. Plaintiff sues all defendants in their official and individual capacities.

According to the allegations in the complaint, on June 10, 2017, plaintiff "had some words" with "Correctional Officer Misty" that resulted in him being placed on "lock-down" for a threat on June 11, 2017.

Plaintiff claims that on June 13, 2017, while he was locked in his cell, plaintiff asked defendant Justin Wouten to explain why he had been placed on lock down. Defendant Wouten replied that plaintiff should "shut up and deal with it." Plaintiff asserts that he protested, and Wouten returned with a can of mace and told plaintiff to lay on his bed. Plaintiff refused, and Wouten sprayed mace through the "choke hole" and then slammed it shut. Plaintiff claims that he then suffered an asthma attack and required a breathing treatment as a result. As a result of the incident, plaintiff asserts that he was on "lock-down" from June 10, 2017 through September 30, 2017. He claims he was "denied everything" and "talked and wrote" to other defendants but his grievances were denied.

Plaintiff has not made any other specific allegations against the remaining named defendants. He seeks compensatory damages in his complaint.

**Discussion**

The Court will issue process on plaintiff's excessive force claim against defendant Justin Wouten in his individual capacity. However, plaintiff's claim against defendant Wouten in his official capacity is subject to dismissal.[3]

Additionally, plaintiff has not made any additional claims for relief against the remaining defendants, therefore, his claims against defendants Sheriff Wes Drury, Captain Ryan Dennis, Lieutenant Unknown Pratt and Sergeant Unknown Scoggins will be dismissed.[4] *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[3]Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.

[4] "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $9.25 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Justin Wouten in his individual capacity. Defendant Wouten shall be served through issuance of summons at 131 S. New Madrid Street, Benton, Missouri 63736.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Justin Wouten shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to the official capacity claims against defendant Justin Wouten because these claims are legally frivolous or fail to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Wes Drury, Ryan Dennis, Unknown Pratt and Unknown Scoggins  because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of January, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE